-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIO J. PITTMAN, 06B0525,

    Plaintiff,

-v-

PO THOMAS STARKEY; PO STEVEN ALVARES;
PO LANGDON; THOMAS ENGLISH;
OTHERS ABOUT 12, PO ALL TOGETHER, THEN;
ERIE COUNTY H.C. DEPUTYS; GLENN;
AND DEPUTYS UPON ME ENTERING
HOUSING UNIT; TRANSPORTATION OFFICER;
MARK STAMBACH; JAMES MARONEY;
SHAWN ADAMS; THOMAS ENGLISH;
MARK VAUGHN; JAMES LEMZ;
GLENN SOMETHING ALONG WITH OTHERS;
and PATRICK MURPHY;

    Defendants.

**DECISION and ORDER**
06-CV-6563CJS(P)

---

## INTRODUCTION

Plaintiff, Mario J. Pittman, an inmate of the Auburn Correctional Facility, filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff also filed a document on December 6, 2006, within which he indicated that "this is the complaint I want in case Pittman v. Starkey et al. until further notice" (Docket No. 3).[1]

Plaintiff claims that the defendants named above violated his rights by the manner in which he was arrested and subjected to excessive force by Buffalo Police Officers, and

---

[1] Although docketed as an Amended Complaint, the Court will consider this submission as part of Plaintiff's initial complaint for purposes of conducting the initial screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

then subjected to excessive force or assault in the Erie County Holding Facility and during transport, causing permanent injuries for which he continues to be denied medical care. He also alleges denial of access to a law library, and continued unjustified beatings. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and unless plaintiff files an amended complaint as directed below, some of the remaining claims will be dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46(1957); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court

finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted. In addition, the Court finds that several of plaintiff's remaining claims must be dismissed unless plaintiff files an amended complaint as directed below.

**False Arrest and Malicious Prosecution**

Plaintiff's claims that he was falsely arrested and maliciously prosecuted are subject to dismissal with prejudice. Plaintiff's pleading of December 6, 2006, makes clear that he was convicted of the charge for which he alleges he was falsely arrested and maliciously prosecuted. The Supreme Court has held that such a claim does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 484 (1994). "[A] federal Section 1983 claim grounded in false arrest simply does not accrue so long as a recovery would impugn a criminal conviction." Covington v. City of New York, 171 F.3d 117, 124 (2d Cir. 1999). In addition, "[t]o prevail on a malicious prosecution claim under either New York law or § 1983, a plaintiff must show that the defendant maliciously commenced or continued against the plaintiff a criminal proceeding **that ended in the plaintiff's favor**, and that there was no probable cause for the proceeding." Marshall v. Sullivan, 105 F.3d 47, 50 (2d Cir. 1996)

(citing *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991)(emphasis added)).  Probable cause is presumed because plaintiff was convicted.  Probable cause is a complete defense to a false arrest claim.  *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).  Lack of probable cause is also a necessary element in establishing a claim of malicious prosecution.  *See Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997).  Because plaintiff does not allege that his conviction has been invalidated, he does not, at this time, state a cause of action for either false arrest or malicious prosecution under 42 U.S.C. § 1983.

**Excessive Force and Other Conditions of Confinement**

Plaintiff may maintain claims for excessive force and other Eighth Amendment violations.  However, it is not clear from the complaint who is responsible for each assault, incident of excessive force, or other violation of his conditions of confinement.  The Court will permit plaintiff to file an amended complaint in which the necessary allegations regarding these issues are included.  *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").  Plaintiff must amend the complaint, using the forms provided by the Court, to allege specifically who did what on each occasion when he was subjected to excessive force, and what injuries he received during each incident.  He must state the date, time and location to the best of his ability, and state what happened, and who was personally involved.  If he cannot identify those involved by name, he should identify them as best he can by description, law enforcement agency, position, shift and duty station.

With regard to plaintiff's other claims of constitutional violations in Buffalo Police custody, the Erie County Holding Center, transport, Department of Correctional Services (DOCS) facilities, or elsewhere, he must describe them with the same detail as to when and where each happened, and who, specifically, was involved. Although the plaintiff does not include DOCS defendants, he seems to be claiming denial of medical care for a period during which the DOCS website indicates that he was in DOCS custody and perhaps another incident during their transport. Plaintiff has named no defendants other than Buffalo Police Department officers. He must name (or describe) in the Caption section each person he seeks to hold responsible for a violation, and then describe where that defendant is employed in the Defendants section of the amended complaint. He should then describe the incidents complained of, in detail as described above, in the Claim sections of the complaint form, using a new section for each separate incident.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's complaint may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **MARCH 28, 2007**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to <u>completely replace</u> the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014(1978); *see also*

*Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint may be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDERS

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **MARCH 28, 2007**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, the "amended complaint" (Docket No. 3), a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **MARCH 28, 2007**, the complaint may be dismissed with prejudice.

SO ORDERED.

Dated:    **February** _11_, 2007
          Buffalo, New York

                                          WILLIAM M. SKRETNY
                                          United States District Judge